UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BHUTAN INTERNATIONAL FESTIVAL, LIMITED and BHUTAN DRAGON EVENTS AND FESTIVALS, LIMITED,<br><br>         Plaintiffs,<br><br>    -against-<br><br>EDEN PROJECT, EDEN PROJECT LIMITED, EDEN LAB and EDENLAB LTD.,<br><br>         Defendants. | 17-CV-8980 (VEC) |

**DEFENDANTS EDEN PROJECT'S AND EDEN PROJECT LIMITED'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND (6)**

## TABLE OF CONTENTS

Page

Preliminary Statement ................................................................................................................... 1

FACTS ............................................................................................................................................ 2

I. The Defendants ................................................................................................................... 2

II. The Allegations in the Complaint Relate to a Purported Contract with the EdenLab Defendants, not the Eden Project Defendants ..................................................... 2

III. All Actions Alleged Are Ascribed to the EdenLab Defendants, not the Eden Project Defendants ............................................................................................................. 3

STANDARD ON A MOTION TO DISMISS ............................................................................... 4

Argument ........................................................................................................................................ 4

I. THE EDEN PROJECT DEFENDANTS HAD NO CONTACTS WITH NEW YORK AND THUS THE COURT LACKS JURISDICTION OVER THEM .................. 4

    A. General Jurisdiction Cannot be Based on CPLR § 301 Because Eden Project Limited is Not a New York Company and Does Not Do Business Here ............................................................................................ 6

    B. Long Arm Jurisdiction Is Also Lacking Under CPLR § 302 Because No Events Are Identified In, or Having Effect In, New York ................................................................................................................... 7

II. PLAINTIFFS HAVE NOT AND CANNOT PLEAD THE NECESSARY ELEMENTS FOR THE RELIEF SOUGHT ..................................................................... 8

    A. Plaintiffs Cannot Plead Claims for Breach of Fiduciary Duty or for Accounting Because the Plaintiffs Simply Had No Relationship with the Eden Project Defendants ............................................................... 9

    B. Plaintiffs Cannot Establish a Claim for Breach of Contract Because No Contract Exists Between the Eden Projects Defendants and the Plaintiffs ..................................................................................... 10

    C. Plaintiffs Cannot Establish a Claim for Tortious Interference .................. 10

        1. There is No Claim Where the Complaint Does Not Plead that the Eden Project Defendants Were Aware of the Purported "Contract" or a Business Relationship that Was Allegedly Interfered With ............................................................. 11

        2. No Claim Can Be Stated Where There are No Allegations of Intentional Actions that Induced a Breach or Otherwise Rendered Performance Impossible ............................................... 12

Conclusion ................................................................................................................................... 13

## TABLE OF AUTHORITIES

Page

### CASES

*Artist Mgmt. Office, Inc. v. Worldvision Enters.*,
  No. 95-cv-9497, 1997 U.S. Dist. LEXIS 5144 (S.D.N.Y. Apr. 18, 1997) .............................. 10

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .......................................................... 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .......................................................... 4

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007) ....................................................................................................... 7

*Cantor Fitzgerald Assocs., L.P. v. Tradition N. Am., Inc.*,
  299 A.D.2d 204, 749 N.Y.S.2d 249 (1st Dep't 2002) .............................................................. 12

*Carvel Corp. v. Noonan*,
  350 F.3d 6 (2d Cir. 2003) ......................................................................................................... 11

*Coll. Essay Optimizer, LLC v. Edswell, Inc.*,
  No. 14-cv-8586, 2015 U.S. Dist. LEXIS 133488 (S.D.N.Y. Sept. 30, 2015) ........................... 8

*Daimler AG v. Bauman*,
  134 S. Ct. 746, 187 L. Ed. 624 (2014) ................................................................................. 4, 5

*DeLorenzo v. Ricketts & Assocs., Ltd.*,
  No. 15-cv-2506, 2017 U.S. Dist. LEXIS 156415 (S.D.N.Y. Sept. 25, 2017) ....................... 6-7

*Dember Constr. Corp. v. Staten Island Mall*,
  56 A.D.2d 768, 392 N.Y.S.2d 299 (1st Dep't 1977) ................................................................ 10

*Fernandez v. Daimler Chrysler, A.G.*,
  143 A.D.3d 765, 40 N.Y.S.3d 128 (2d Dep't 2016) ................................................................... 6

*Gate Techs., LLC v. Delphix Capital Mkts., LLC*,
  No. 12-cv-7075, 2013 U.S. Dist. LEXIS 95368 (S.D.N.Y. July 9, 2013) ................................. 9

*GE Investors, Ret. Plan v. Gen. Elec. Co.*,
  447 Fed. Appx. 229 (2d Cir. 2011) ............................................................................................ 4

*Gleissner v. Ortakligi*,
  No. 16-cv-8287, 2018 U.S. Dist. LEXIS 7401 (S.D.N.Y. Jan. 17, 2018) ................................. 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 796 (2011) .............................................................. 5

*Ins. Co. of N. Am. v. EMCOR Group, Inc.*,
  9 A.D.3d 319, 781 N.Y.S.2d 4 (1st Dep't 2004) ........................................................................ 7

*Int'l Shoe Co. v. Wash.*,
  326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) ...................................................................... 5

*King County v. IKB Deutsche Industriebank AG*,
  863 F. Supp. 2d 288 (S.D.N.Y. 2012) ........................................................................................ 9

*Kirch v. Liberty Media Corp.*,
  449 F.3d 388 (2d Cir. 2006) .................................................................................................. 11

*Lama Holding Co. v. Smith Barney Inc.*,
  88 N.Y.2d 413, 668 N.E.2d 1370, 646 N.Y.S.2d 76 (1996)................................................. 11

*LaMarca v. Pak-Mor Mfg. Co.*,
  95 N.Y.2d 210, 735 N.E.2d 883, 713 N.Y.S.2d 304 (2000)................................................... 6

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*,
  77 N.Y.2d 28, 565 N.E.2d 488, 563 N.Y.S.2d 739 (1990).................................................... 6

*Langhorne v. Port Auth. of New York and New Jersey*,
  03 Civ. 4610, 2005 U.S. Dist. LEXIS 27100 (S.D.N.Y. Nov. 10, 2005) ............................. 12

*Marmelstein v. Kehillat*,
  11 N.Y.3d 15, 892 N.E.2d 375, 862 N.Y.S.2d 311 (2008).................................................... 9

*Medtech Prods. v. Ranir, LLC*,
  596 F. Supp. 2d 778 (S.D.N.Y. 2008) ................................................................................. 11

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
  84 F.3d 560 (2d Cir. 1996) .................................................................................................... 6

*The New Orleans Emps. Ret. Sys. v. Celestica, Inc.*,
  No. 10-4702-cv, 2011 U.S. App. LEXIS 25921 (2d Cir. Dec. 29, 2011)............................... 4

*Oddo Asset Mgmt. v. Barclays Bank PLC*,
  19 N.Y.3d 584, 973 N.E.2d 735, 950 N.Y.S.2d 325 (2012)............................................. 9, 10

*Pacheco v. United Med. Assoc., P.C.*,
  305 A.D.2d 711, 759 N.Y.S.2d 556 (3d Dep't 2003) ......................................................... 12

*Raji v. Societe Generale Ams. Sec. LLC*,
  No. 15 Civ. 1144, 2016 U.S. Dist. LEXIS 9679 (S.D.N.Y. Jan. 21, 2016) ......................... 13

*Rollins v. People's Bank Corp.*,
  No. 03-cv-7930, 2004 U.S. Dist. LEXIS 24016 (S.D.N.Y. Nov. 29, 2004) ..................... 5, 6

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
  750 F.3d 221 (2d Cir. 2014) .................................................................................................. 5

*Whitaker v. Fresno Telsat, Inc.*,
  87 F. Supp. 2d 227 (S.D.N.Y. 1999) ..................................................................................... 7

**STATUTORY AUTHORITIES**

N.Y. Civ. Prac. L. & R. § 301................................................................................................... 5
N.Y. Civ. Prac. L. & R. § 302................................................................................................... 5

**RULES AND REGULATIONS**

Fed. R. Civ. P. 4(k)(1)(A) ......................................................................................................... 4

Defendants Eden Project[1] and Eden Project Limited (together, the "Eden Project Defendants") respectfully submit this memorandum in support of their motion for an order pursuant to Fed. R. Civ. P. 12(b)(2) and (6) dismissing the Complaint.

**Preliminary Statement**

Everything is wrong with this case, procedurally and on the merits. First, the Court lacks personal jurisdiction over the Eden Project Defendants. Eden Project Limited is a United Kingdom corporation based in Bodelva, England. Eden Project Limited has no offices in New York, no employees, no agents, no bank accounts, no property (personal or real) and engaged in no transactions with Plaintiffs Bhutan International Festival, Limited or Bhutan Dragon Events and Festivals, Limited (together, "Bhutan" or "Plaintiffs"). It committed no acts in New York or elsewhere having to do with anything alleged in the Complaint, and Plaintiffs have identified none. Indeed, aside from conclusory allegations, the Complaint is silent regarding the basis of personal jurisdiction over the Eden Project Defendants.

Regarding the merits, Plaintiffs fare no better. The Eden Project Defendants had no contract with the Plaintiffs, no privity, indeed no contact at all, nor have Plaintiffs identified any specific, actionable conduct purportedly engaged in by the Eden Defendants. Plaintiffs thus cannot articulate the elements necessary to state claims of breach of fiduciary duty, breach of contract, accounting and tortious interference. Instead, Plaintiffs try to circumvent their pleading requirements by lumping the Eden Project Defendants into a unit with the other defendants in this case -- Eden Lab and EdenLab Ltd. (together, the "EdenLab Defendants") as though they were one and the same. Although the Plaintiffs interchangeably refer to both as "Eden," this miscasts the facts. The EdenLab Defendants and the Eden Project Defendants are independent

---

[1] As further discussed below, "Eden Project" is not an entity.

and distinct entities, with no common ownership or legal affiliation, no common employees or agents and no joint decision-making. The Complaint should be dismissed.

## FACTS

### I. The Defendants

Eden Project Limited is a private educational charity company organized under the laws of the United Kingdom.[2] It is wholly owned by the Eden Trust, a Registered Charity organized under the laws of the United Kingdom. Bingham Dec. at ¶ 2, Ex. C. Eden Project Limited sponsors and provides educational programs incorporating botany, ecology, anthropology and sociology to promote understanding and responsible management of the environment. Bingham Dec. at ¶ 4. Eden Project Limited's major operation is a large visitor destination theme park in Cornwall, United Kingdom. *Id*. Defendant "Eden Project" is not an entity (Bingham Dec. at ¶ 3) and is improperly named.

The EdenLab Defendants are alleged to be private limited companies incorporated and registered in the United Kingdom. Compl. at ¶ 6. The EdenLab Defendants are separate and independent from Eden Project Limited, having separate ownership and management. Bingham Dec. ¶ 5, Exs. A, B, D and E. No director or officer of any of the Eden Project Defendants' corporate group of companies is an employee, director, or shareholder of the EdenLab Defendants. *Id*. There is no joint venture or common ownership between them. *Id*. They have no common employees or agents. Bingham Dec. at ¶¶ 5-6.

### II. The Allegations in the Complaint Relate to a Purported Contract with the EdenLab Defendants, not the Eden Project Defendants

Plaintiffs allege that through their principal, James Fitzgerald, they were engaged in the planning of the First Ever Annual Bhutan International Festival (the "Festival") and that

---

[2] The pertinent facts are set forth in the Declaration of Tina Bingham, executed February 22, 2018 in support of the motion (the "Bingham Dec.").

2

they entered into a services contract with the Defendants to assist in organizing the event (the "Festival Agreement").  *See* Compl. at ¶ 1.  The Complaint is silent on the precise date and terms of the Festival Agreement, but appears to premise such allegations on two emails between Plaintiffs and the EdenLabs Defendants (but *not* the Eden Project Defendants) -- one dated December 14, 2014 providing "initial terms of agreement" and a second dated December 23, 2014, providing an invoice for requested payment.  *See* Compl. at ¶¶ 12-13.  Plaintiffs point to provisions in the first email, the "initial terms of agreement," and state that there must be "[p]roof of at least 100k in working capital (for overall festival) to begin work in Bhutan January, 2015" and that "75% of total budget must be raised by Jan 15, 2015 or EdenLAB will have to cancel their artists and pull EP and EL involvement and association."  *See* Compl. at ¶ 15.

        The Eden Project Defendants are not parties to this purported "contract," nor have Plaintiffs identified any specific conduct purportedly engaged in by the Eden Project Defendants having anything to do with it.

**III.**    **All Actions Alleged Are Ascribed to the EdenLab Defendants, not the Eden Project Defendants**

        According to the Complaint, the Defendants proceeded to plan the Festival despite the absence of the requisite funding.  *See* Compl. at ¶¶ 18-25.  Plaintiffs also allege that Defendants continued to plan the Festival and incur expenses despite communications that Mr. Fitzgerald had with two EdenLab employees, John Hendicott and Virginia Galloway, that Plaintiffs could not fund the Festival and would be reliant on outside fundraising.  *Id.*

        The Eden Project Defendants are not alleged to and did not communicate with any artists, entertainers or exhibitors who were to participate at the Festival, nor did they participate in any travel arrangements.  Bingham Dec. at ¶ 10.  Furthermore, the Eden

3

Defendants never met or had any correspondence with Mr. Fitzgerald or any other employee of Plaintiffs.  Bingham Dec. at ¶ 9.

## STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868, 884 (2009); *see also The New Orleans Emps. Ret. Sys. v. Celestica, Inc.*, No. 10-4702-cv, 2011 U.S. App. LEXIS 25921, at **2 (2d Cir. Dec. 29, 2011) (same).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *GE Investors, Ret. Plan v. Gen. Elec. Co.*, 447 Fed. Appx. 229, 230 (2d Cir. 2011) (internal citations omitted).

## Argument

### I.

### THE EDEN PROJECT DEFENDANTS HAD NO CONTACTS WITH NEW YORK AND THUS THE COURT LACKS JURISDICTION OVER THEM

Federal courts sitting in diversity follow state law in determining whether jurisdiction can be exercised over the defendant. *Daimler AG v. Bauman*, 134 S. Ct. 746, 753, 187 L. Ed. 624, 632 (2014); Fed. R. Civ. P. 4(k)(1)(A).  A foreign corporation's amenability to suit is, of course, limited by the bounds of the United States Constitution, specifically due

process. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 317, 66 S. Ct. 154, 159, 90 L. Ed. 95, 103 (1945); *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224-25 (2d Cir. 2014) (finding that New York lacked jurisdiction over a corporation organized under the laws of Turkey, with operations, properties and assets predominantly in Turkey, even if affiliates of that company had contacts with New York such as ad sales, offices and contracts, because the primary place of business is still overseas). Under New York law, jurisdiction can be invoked under CPLR § 301 or CPLR § 302, the former being the traditional "doing business" test[3] and the latter being the "long arm" statute. Neither provides jurisdiction here.

        The due process inquiry requires a party to have minimum contacts with the forum state in order to comport with traditional notions of fair play and substantial justice. *Daimler*, 134 S. Ct. at 762 (finding that general jurisdiction did not apply and a German company was not "at home" in California even though its subsidiary had facilities and sales within the state); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923, 131 S. Ct. 2846, 2853, 180 L. Ed. 796, 805 (2011) (finding that general jurisdiction could not be maintained in North Carolina because an international corporation's contacts were not "continuous and systematic" enough where only a small portion of their product distributions were within the state); *Rollins v. People's Bank Corp.*, No. 03-cv-7930, 2004 U.S. Dist. LEXIS 24016, at *17 (S.D.N.Y. Nov. 29, 2004) (personal jurisdiction only arises when "conduct and connection with the forum State are such that it should reasonably anticipate being haled into court there" and finding that these requirements have not been met where the defendant did not purposely direct its business activities to New York or seek protection of New York's laws)

---

[3] New York's "doing business" test has been restricted by *Daimler*. Although New York law required business contacts to be "continuous and systematic," as articulated in *Daimler* the test became more exacting, requiring that the contacts be so "continuous and systematic" that the corporation was essentially "at home" in the forum state. *Daimler*, 134 S. Ct. at 761.

(citing *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 216, 735 N.E.2d 883, 887, 713 N.Y.S.2d 304, 308 (2000)).  The Second Circuit has specifically articulated the personal jurisdiction test as a two part inquiry, first requiring sufficient contacts with the forum state, and then determining whether "the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice' – that is, whether it is reasonable under the circumstances of the particular case." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567-68 (2d Cir. 1996).

The burden of showing personal jurisdiction lies with the party asserting it. *Rollins,* 2004 U.S. Dist. LEXIS 24016 at *4.  Here, the Complaint is devoid of any factual allegations regarding why the Eden Project Defendants would be subject to jurisdiction here.

    **A.**    **General Jurisdiction Cannot be Based on CPLR § 301 Because Eden Project Limited is Not a New York Company and Does Not Do Business Here**

Plaintiffs have named a foreign corporation with its principal place of business in the United Kingdom that does not do business in New York State.  Bingham Dec. at ¶¶ 2 and 7.  In order to satisfy the requirements of CPLR § 301, Plaintiffs must show that the company's transactions are "continuous and systematic," consistent with due process requirements.  *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33, 565 N.E.2d 488, 490, 563 N.Y.S.2d 739, 741 (1990); *Fernandez v. DaimlerChrysler, A.G.*, 143 A.D.3d 765, 766, 40 N.Y.S.3d 128, 130 (2d Dep't 2016).  Notably, the most telling indicators of transacting business are conspicuously absent from the Complaint.  Plaintiffs make no attempt to plead that the Eden Project Defendants have any customers, offices, real estate, bank accounts, employees or agents within New York State, nor indeed that they do any business in New York.  *DeLorenzo v. Ricketts & Assocs., Ltd.,* No. 15-cv-2506, 2017 U.S. Dist. LEXIS 156415, at *19 (S.D.N.Y. Sept. 25, 2017) (applying New York law to find that a private business having none of those factors in New York could not satisfy either the "continuous or systematic" test, nor the more demanding

"at home" test, consistent with due process requirements). Indeed, the Eden Project Defendants have no offices in New York, no bank accounts, no agents, no real or personal property and no employees or agents here. Bingham Dec. at ¶ 7. Furthermore, and as noted, the "doing business" test has required a more rigorous showing since the Supreme Court decided *Daimler*. *See supra* at n. 3; *Gleissner v. Ortakligi*, No. 16-cv-8287, 2018 U.S. Dist. LEXIS 7401, at *7-9 (S.D.N.Y. Jan. 17, 2018) (a corporation incorporated and having its principal place of business overseas is not subject to general jurisdiction under CPLR § 301 absent "truly exceptional circumstances," and maintaining a website accessible within New York is not enough). Under no analysis could the Eden Project Defendants be said to satisfy the *Daimler* test of being "at home" here.

### B. Long Arm Jurisdiction Is Also Lacking Under CPLR §302 Because No Events Are Identified In, or Having Effect In, New York

Nor have Plaintiffs identified any acts that could support jurisdiction under New York's long-arm statute, CPLR § 302. It is well settled that the reach of New York's long-arm statute "does not coincide with the limits of the Due Process Clause." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007).

The Complaint, in most conclusory fashion, states that "a substantial part of the events or omissions giving rise to the claim occurred in this district." Compl. at ¶ 8. That allegation falls far short of the mark. Not a single act attributable to the Eden Project Defendants is alleged to have taken place in New York. *See Whitaker v. Fresno Telsat, Inc.*, 87 F. Supp. 2d 227, 234 (S.D.N.Y. 1999) (dismissing claims where plaintiffs identify no contacts with the state, much less minimum contacts); *Ins. Co. of N. Am. v. EMCOR Group, Inc.*, 9 A.D.3d 319, 320, 781 N.Y.S.2d 4, 5 (1st Dep't 2004) (finding that no contacts with the state, other than negotiation of the contract through the defendant's parent company, were not sufficient to satisfy CPRL

7

§ 302). The Eden Project Defendants are not alleged to have made (and did not make) any visits here in connection with the allegations in the Complaint, are not alleged to have sent anything (and did not send anything) to New York in connection with the allegations in the Complaint, and are not even alleged to have made as much as a phone call to New York. Where Plaintiffs allege that acts were committed in New York but identify none, long arm jurisdiction is lacking. *Coll. Essay Optimizer, LLC v. Edswell, Inc.*, No. 14-cv-8586, 2015 U.S. Dist. LEXIS 133488, at *14-15 (S.D.N.Y. Sept. 30, 2015) (finding that "purely conclusory" allegations that the defendant has "presumed business transactions" where specific facts are not alleged are insufficient to satisfy CPLR § 302 and will not survive a motion to dismiss).

## II.

### PLAINTIFFS HAVE NOT AND CANNOT PLEAD THE NECESSARY ELEMENTS FOR THE RELIEF SOUGHT

Each of the claims brought must fail because Plaintiffs cannot plausibly plead a relationship with the Eden Project Defendants or plead any conduct by the Eden Project Defendants that would support a legally cognizable claim. Indeed, the Complaint is conspicuously silent on any specific facts indicating that the Eden Project Defendants ever met, communicated with, or had any involvement at all with Plaintiffs.

Simply put, the Plaintiffs and the Eden Project Defendants are strangers. Bingham Dec. at ¶¶ 8-9. As noted, Eden Project Limited and EdenLab Ltd. are separate and independent entities, having no common ownership, no common officers, directors or employees and no joint activities. *Id.* at ¶¶ 5-6. This lack of relationship not only makes it impossible to establish the fiduciary relationship necessary for the Plaintiffs' first three claims, but it also dooms their last claim for tortious interference. Plaintiffs cannot succeed where they are unable

to allege any facts supporting linkage at all, not even one that would indicate that the Eden Project Defendants were even aware of the Plaintiffs' existence.

### A. Plaintiffs Cannot Plead Claims for Breach of Fiduciary Duty or for Accounting Because the Plaintiffs Simply Had No Relationship with the Eden Project Defendants

Where a fiduciary relationship does not exist, both claims for breach of fiduciary duty and claims for an accounting must fail. *Gate Techs., LLC v. Delphix Capital Mkts., LLC*, No. 12-cv-7075, 2013 U.S. Dist. LEXIS 95368, at *21 (S.D.N.Y. July 9, 2013) (construing New York law and granting motion to dismiss for breach of fiduciary duty and accounting claims where no fiduciary duty can be established). Here, Plaintiffs are unable to plead *any* kind of relationship to the Eden Project Defendants, let alone a relationship significant enough to give rise to a fiduciary duty.

A fiduciary relationship is defined by characteristics of "de facto control and dominance," and only exists where one party is "is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Marmelstein v. Kehillat*, 11 N.Y.3d 15, 21, 892 N.E.2d 375, 378, 862 N.Y.S.2d 311, 314 (2008) (internal citations omitted). This kind of relationship requires contact between the parties. It will not be established where, as here, there is no contractual relationship between the Plaintiffs and the Eden Project Defendants. Bingham Dec. at ¶ 8; *See Oddo Asset Mgmt. v. Barclays Bank PLC*, 19 N.Y.3d 584, 594, 973 N.E.2d 735, 741, 950 N.Y.S.2d 325, 331 (2012) (no contractual duty justifies a finding that no fiduciary duty was owed). Even assuming arguendo that Plaintiffs could plead some kind of commercial relationship with the Eden Project Defendants, which they cannot and did not, their claims would still fail because they had no direct dealings with one another. Bingham Dec. at ¶¶ 8-9; *King County v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 314 (S.D.N.Y. 2012) (applying New York law and finding that there is no fiduciary duty where the parties had

no direct dealings with each other); *Oddo Asset Mgmt.*, 19 N.Y.3d at 594 (stating that no direct dealings justify a finding of no fiduciary duty). Thus, the claims for breach of fiduciary duty and request for an accounting must fail.

> **B.     Plaintiffs Cannot Establish a Claim for Breach of Contract Because No Contract Exists Between the Eden Projects Defendants and the Plaintiffs**

A claim for breach of contract, of course, cannot exist without a contract. A complaint alleging breach of contract is deficient where the defendants named are not parties to the agreement. *Artist Mgmt. Office, Inc. v. Worldvision Enters.*, No. 95-cv-9497, 1997 U.S. Dist. LEXIS 5144, at *6-7 (S.D.N.Y. Apr. 18, 1997) (citing *Dember Constr. Corp. v. Staten Island Mall*, 56 A.D.2d 768, 769, 392 N.Y.S.2d 299, 300 (1st Dep't 1977)). If there was a contract at all, the Festival Agreement was between Plaintiffs and the EdenLabs Defendants, not the Eden Project Defendants. The emails that allegedly formed the Festival Agreement are between Plaintiffs and the EdenLabs Defendants (*see* Compl. at ¶¶ 13-14) and the Eden Project Defendants are not even alleged to have ever been aware of them. Indeed, there are no allegations that the Eden Project Defendants were in any way involved in the negotiation, drafting or execution of that agreement.

Plaintiffs cannot escape their pleading requirements by simply treating the Eden Project Defendants as interchangeable with the EdenLab Defendants -- they are separate and independent entities with no common ownership or common employees. *See* Bingham Dec. ¶¶ 5-6, Exs. A, B, D and E). The claim for breach of contract should be dismissed.

> **C.     Plaintiffs Cannot Establish a Claim for Tortious Interference**

New York law permits two avenues for pleading tortious interference -- interference with contract and interference with prospective economic advantage. Although Plaintiffs do not specify in their Complaint which of these causes of action they mean to pursue,

the elements are essentially the same for purposes of this motion to dismiss, and the Plaintiffs' pleading fails on both counts for the same reasons.

To adequately plead tortious interference with contract, Plaintiffs must show (1) the existence of a contract between themselves and a third party; (2) the Defendants' knowledge of the contract; (3) the Defendants' intentional inducement of the third party to breach or otherwise render performance impossible; (4) actual breach of the contract; and (5) damages to the Plaintiff. *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006) (citing *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424, 668 N.E.2d 1370, 1375, 646 N.Y.S.2d 76, 82 (1996)). Similarly, to plead interference with prospective economic advantage, Plaintiffs must allege (1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship. *Kirch,* 449 F.3d at 400 (citing *Carvel Corp. v. Noonan*, 350 F.3d 6, 17 (2d Cir. 2003)). Plaintiffs are unable to show the second and third elements of both causes of action.

    1.    **There is No Claim Where the Complaint Does Not Plead that the Eden Project Defendants Were Aware of the Purported "Contract" or a Business Relationship that Was Allegedly Interfered With**

In order to be liable for tortious interference, the defendant must at the very least be aware of the existence of the contract or business relationship that he is allegedly interfering with. *See supra* Section C. With regard to this element, the Plaintiffs' allegations cannot survive a motion to dismiss by merely providing a "conclusory assertion" of knowledge, but must be able to bolster their accusation with concrete facts. *Medtech Prods. v. Ranir, LLC*, 596 F. Supp. 2d 778, 814 (S.D.N.Y. 2008). The Complaint does not state that the Eden Project Defendants knew about the Festival Agreement either in a conclusory fashion or by offering specificity. Much like the rest of the Complaint, Plaintiffs rely on silence and omission, apparently hoping

that their deficiencies will be overlooked if they miscast the Eden Project Defendants as an entity integrated with the EdenLab Defendants.

> **2. No Claim Can Be Stated Where There are No Allegations of Intentional Actions that Induced a Breach or Otherwise Rendered Performance Impossible**

The Complaint is also silent on the conduct undertaken by the Eden Project Defendants that amounted to interference. Thus, Plaintiffs are not only unable to plead the intent required by the third element of both the claims for interference with contract or prospective economic advantage, but are also unable to establish that any action was taken whatsoever. *Langhorne v. Port Auth. of New York and New Jersey*, 03 Civ. 4610, 2005 U.S. Dist. LEXIS 27100, at *19 (S.D.N.Y. Nov. 10, 2005) (applying New York law and dismissing tortious interference with contract claim where the alleged interference could not be attributed to the defendant); *Pacheco v. United Med. Assoc., P.C.,* 305 A.D.2d 711, 712-13, 759 N.Y.S.2d 556, 559 (3d Dep't 2003) (stating that claim for tortious interference with prospective business relations must still articulate how the defendant's acts were the proximate cause of damages alleged); *Cantor Fitzgerald Assocs., L.P. v. Tradition N. Am., Inc.*, 299 A.D.2d 204, 749 N.Y.S.2d 249, 249 (1st Dep't 2002) (stating that a claim for tortious interference requires a proximate causation showing that "the breach of contract would not have occurred but for the activities of the defendant").

Once again, all allegations relating to interference are directed to the EdenLab Defendants. Where the Complaint alleges that an email was sent to artists to whom the Festival was indebted and advised that payment could not be made, this action was allegedly taken by an employee of the EdenLab Defendants – not the Eden Project Defendants. Bingham Dec. at ¶ 6; *see* Compl. at ¶ 29. Similarly, the allegations regarding intellectual property rights and the Festival's Facebook page concern employees of the EdenLab Defendants – not the Eden Project

12

Defendants. Bingham Dec. at ¶ 6; *see* Compl. at ¶ 32. Finally, the unidentified "event producers" mentioned in the Complaint were not employed by the Eden Project Defendants, and did not report to them. Bingham Dec. at ¶¶ 8-9; *See* Compl. at ¶ 33. Essentially, Plaintiffs' allegations about interference are nothing more than pure speculation, which is insufficient to withstand dismissal. *See Raji v. Societe Generale Ams. Sec. LLC*, No. 15 Civ. 1144, 2016 U.S. Dist. LEXIS 9679, at *6-8 (S.D.N.Y. Jan. 21, 2016).

## Conclusion

For all the foregoing reasons, Defendants Eden Project and Eden Project Limited respectfully request that their motion to dismiss the Complaint be granted in its entirety, and for such further relief as the Court deems just and proper.

New York, New York  
February 23, 2018

Respectfully submitted,

SEWARD & KISSEL LLP

By:     s/ Mark J. Hyland  
Mark J. Hyland  
Tamara Rozina

One Battery Park Plaza  
New York, New York 10004  
(212) 574-1200

*Attorneys for Defendants Eden Project and Eden Project Limited*

SK 29739 0001 7808831