UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Index No. 1:17-cv-08980-VEC
------------------------------------------------------------------X
BHUTAN INTERNATIONAL FESTIVAL, LIMITED;
BHUTAN DRAGON EVENTS AND FESTIVALS,
LIMITED,

                              Plaintiff(s),

    -against-

EDEN PROJECT; EDEN PROJECT LIMITED; EDEN
LAB; AND EDENLAB LTD.,

                              Defendant(s).
------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS
## <u>EDEN PROJECT'S MOTION TO DISMISS</u>

                                                        Respectfully submitted,

                                                        **BAILEY LAW, P.C.**
                                                        *Attorneys for Plaintiffs*
                                                        485 Underhill Boulevard, Suite 308
                                                        Syosset, NY 11791
                                                       (516) 864-2100

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 2 |
| DISCUSSION | 2 |
| I. EDEN LAB WAS SO CLOSELY ASSOCIATED WITH EDEN PROJECT THAT IT SHOULD BE DEEMED AN AGENT OR CLOTHED WITH APPARENT AUTHORITY | 2 |
| II. THE EXTENSIVE CONTACTS INTO NEW YORK DETAILED IN THE FITZGERALD DELARATION SUFFICE TO ESTABLISH PERSONAL JURISDICTION | 3 |
| CONCLUSION | 4 |

...

# TABLE OF AUTHORITIES

**Cases**                                                                                                                   **Page(s)**

*Agency Rent A Car Sys. Inc. v. Grand Rent A Car Corp.*,
98 F.3d 25, 29 (2d Cir. 1996) .................................................    5

*Beacon Enterprises, Inc. v. Menzies*,
715 F.2d 757, 762 (2d Cir. 1983) ...........................................    4

*Daimler AG v. Bauman*,
134 S. Ct. 746, 753 (2014) .....................................................    4

*Deutsche Bank Securities, Inc. v. Montana Board of Investments*,
7 N.Y.3d 65, 71, 818 N.Y.S.2d 164, 167 (2006) ....................    5

*Manhattan Life Insurance Co. v. A.J. Stratton Syndicate*,
731 F. Supp. 587, 592 (S.D.N.Y. 1990) ................................    4

*Marfia v. T.C. Ziraat Banasi, New York Branch*,
100 F.3d 243 (2d Cir. 1996) ...................................................    4

*Patel v. Patel*,
497 F. Supp. 2d 419, 420 (E.D.N.Y. 2007) .............................    4

*Walden v. Fiore*,
134 S. Ct. 1115, 1121 (2014) .................................................    4

**Statute:**

CPLR 302(a)(1) ........................................................................    5 N. 1

**Other Authorities:**

*Restatement (Second) of Agency* § 2.03 .................................    4

## Preliminary Statement

Plaintiffs Bhutan International Festival, Limited and Bhutan Dragon Events and Festivals, Limited respectfully submit this Memorandum of Law in opposition to the motion to dismiss filed by defendants Eden Project and Eden Project Limited ("Eden Project").

The entire basis of the motion is that Eden Project lacks a sufficient nexus with New York so as to enable this Court to exercise *in personam* jurisdiction (Eden MOL, at 1-2 -- Document 28). Plaintiff's response to this assertion, as set forth in the First Amended Complaint (Document 21, ¶¶ 34-52) is that, in dealing extensively with the "Eden Lab" defendants (*i.e.*, Eden Lab and Eden Lab Ltd., hereinafter "Eden Lab") (such extensive dealings being undisputed), plaintiffs were interacting either directly with Eden Project or an entity so under the aegis of Eden Project as to be deemed clothed with "apparent authority." In either instance, plaintiffs contend, those extensive contacts into and out of New York render Eden Project amenable to suit here.

The accompanying Declaration of James Fitzgerald spells out in detail the reasons behind plaintiffs' conclusion that they were dealing with the world-renowned Eden Project organization and need not be repeated here. Suffice it to say that the accuracy of Fitzgerald's assertions are not subject to dispute regarding the dealings he had. The legal question is whether these interactions either spell out an agency/alter-ego theory or at least establish "apparent authority" (or the entitlement to discovery on the subject).

## DISCUSSION

## EDEN LAB WAS SO CLOSELY ASSOCIATED WITH EDEN PROJECT THAT IT SHOULD BE DEEMED AN AGENT OR CLOTHED WITH APPARENT AUTHORITY

The association of "Eden Project" and "Eden Lab" falls under the rubric of "apparent authority," defined as:

> Apparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal. As to the third person, apparent authority when present trumps restrictions that the principal has privately imposed on the agent. The relevant appearance is that the principal has conferred authority on an agent.
> . . . .
>
> A principal may not choose to act through agents whom it has clothed with the trappings of authority and then determine at a later time whether the consequences of their acts offer an advantage.
> . . . .
>
> More generally, a principal may permit an agent to acquire a reputation of authority in an area or endeavor by acquiescing in conduct by the agent under circumstances likely to lead to a reputation. Third parties may continue reasonably to believe that the agent is authorized even after the agency relationship has been terminated if they are unaware of the termination.
> . . . .
>
> The principal's manifestation as to the agent's authority empowers the agent to affect the principal's legal relations. Restrictions on an agent's authority that are known only to the principal and the agent do not defeat or supersede the consequences of apparent authority for the principal's legal relations, apart from the principal's legal relations with the agent. In the principal's relations with third parties, restrictions that the principal has placed on the agent's authority are inoperative if apparent authority is present just as, by analogy, on offeror's unexpressed meaning that is unknown to the offeree is inoperative as to the offeror's contractual relations with the offeree.
> . . . .

3

> Apparent authority is based on a third party's understanding of signals of all sorts concerning the actor with whom the third party interacts. When the third party knows the actor is an agent and knows the identity of the principal, the presence of apparent authority turns on the tie between these signals and the principal in the mind of the reasonable third party. The third party observes the agent in a particular context, one that may be defined in part by interactions, dealings, or relationships between the principal and the agent that the third party has observed in the past, by an organization, by an industry and its customs; by a type of transaction that is conventionally done in a particular way; or, if in a new context, by reasonable expectations based on analogous situations and other relevant circumstances.

*Restatement (Second) of Agency* § 2.03. In view of these settled principles, plaintiff's representative, James Fitzgerald, was well within his rights to conclude, reasonably, that he was dealing with the renowned "Eden" organization to back the Bhutan project(s) -- statements in the press are consistent with this belief and the very use of the *identical* name lends support to this belief. "Holding out is an essential element of apparent authority." *Marfia v. T.C. Ziraat Banasi, New York Branch*, 100 F.3d 243 (2d Cir. 1996).

### THE EXTENSIVE CONTACTS INTO NEW YORK DETAILED IN THE FITZGERALD DELARATION SUFFICE TO ESTABLISH PERSONAL JURISDICTION

The assertion of personal jurisdiction in this (diversity) case is decided with reference to the relevant jurisdictional statutes of New York State. *E.g., Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983). Of course, such assertion of jurisdiction must also comport with the fourteenth amendment's due process directive. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014); *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014).

Eden Project's Rule 12(b)(2) motion is "inherently a matter requiring the resolution of factual issues outside the pleadings." *Patel v. Patel*, 497 F. Supp. 2d 419, 420 (E.D.N.Y. 2007) (citation omitted).

4

The Fitzgerald Declaration states that the communications into New York were extensive, numbering in the thousands -- "we have in the past recognized CPLR 302(a)(1) long-arm jurisdiction over commercial actors and investors using electronic and telephonic means to project themselves into New York to conduct business transactions." *Deutsche Bank Securities, Inc. v. Montana Board of Investments*, 7 N.Y.3d 65, 71, 818 N.Y.S.2d 164, 167 (2006).[1] Personal jurisdiction is thus properly exercised if the cause of action arises out of the defendant's in-state conduct. *Agency Rent A Car Sys. Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). Under such circumstance, "transacting business" calls for "only a minimal quantity of activity, provided it is of the right nature and quality." *Manhattan Life Insurance Co. v. A.J. Stratton Syndicate*, 731 F. Supp. 587, 592 (S.D.N.Y. 1990) (citations omitted).

The balance of the Eden Project motion (dissecting the individual four Claims for Relief) rises and falls on the question of the demarcation between Eden Lab and Eden Project and need not be rebutted here. Suffice it to say that the assertions of Eden Project in both the Bingham Declaration and the Memorandum of Law are based on self-serving statements and self-created documents. It is for the Court to decide, based upon the Fitzgerald statements and documents, whether his belief that he was dealing with both entities was reasonable -- where Eden Lab was spawned from the same locale, was headed by a long-standing executive from Eden Project, was using the same name, was copiously throwing about the "sustainability" eco-message of Eden Project, and with published materials to that very effect, said belief *was* reasonable.

---

[1] CPLR 302(a)(1) provides for jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state."

5

## CONCLUSION

For the reasons stated herein, as well as those contained in the accompanying Fitzgerald Declaration, the motion to dismiss filed by the Eden Project defendants should be denied, and plaintiffs should have such other and further relief as to the Court seems just and proper.

Dated: Syosset, New York
April 27, 2018

BAILEY LAW, P.C.
*Attorneys for Plaintiffs*

By: _____
Edward G. Bailey (EB-9954)

485 Underhill Boulevard, Suite 308
Syosset, NY 11791
(516) 864-2100

6