UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BHUTAN INTERNATIONAL FESTIVAL, LIMITED and BHUTAN DRAGON EVENTS AND FESTIVALS, LIMITED,<br><br>         Plaintiffs,<br><br>    -against-<br><br>EDEN PROJECT, EDEN PROJECT LIMITED, EDEN LAB and EDENLAB LTD.,<br><br>         Defendants. | 17-CV-8980 (VEC) |

**DEFENDANTS EDEN PROJECT'S AND EDEN PROJECT LIMITED'S REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND (6)**

## TABLE OF CONTENTS

      **Page**

Preliminary Statement .................................................................................................................. 1

Argument ...................................................................................................................................... 2

    A.    Plaintiffs' Extrinsic Evidence Should Not Be Considered Because It Is Irrelevant,
         Is Not Integral To The Complaint And Is Of Dubious Authenticity ................................. 2

    B.    Plaintiffs Fail To Identify A Single Act By The Eden Project Defendants That
         Would Support Apparent Authority .................................................................................. 4

    C.    Because There Is No Apparent Authority, The Court Lacks Jurisdiction Over The
         Eden Project Defendants And Plaintiffs Cannot Plead Necessary Elements For the
         Relief Sought .................................................................................................................... 6

Conclusion .................................................................................................................................... 7

# TABLE OF AUTHORITIES

Page

## CASES

*DeLuca v. AccessIT Group, Inc.*,
   695 F. Supp. 2d 54 (S.D.N.Y. 2010) ................................................................................ 2
*Faulkner v. Beer*,
   463 F.3d 130 (2d Cir. 2006) ............................................................................................. 2
*Ford v. Unity Hosp.*,
   32 N.Y.2d 464, 473, 299 N.E.2d 659, 346 N.Y.S.2d 238 (1973) ..................................... 5
*Learner v. Am. Fed'n. of Musicians of the U.S. and Can.*,
   304 A.D.2d 370, 756 N.Y.S.2d 848 (1st Dep't 2003) ...................................................... 6
*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*,
   265 F.R.D. 106 (S.D.N.Y. 2010) ..................................................................................... 2
*S&K Distrib., LLC v. Harrison Roofing & Tin Co., Inc.*,
   971 N.Y.S.2d 74 (Sup. Ct. Nassau Cty. 2013) ................................................................ 6
*Std. Funding, Corp. v. Lewitt*,
   89 N.Y.2d 546, 551, 678 N.E.2d 874, 656 N.Y.S.2d 188 (1997) .................................... 5
*Thomas v. Westchester Cty. Health Care Corp.*,
   232 F. Supp. 2d 273 (S.D.N.Y. 2002) .............................................................................. 2

## ADDITIONAL AUTHORITIES

Restatement (Third) of Agency ............................................................................................... 4

**Preliminary Statement**

Plaintiffs' Opposition,[1] reflecting Plaintiffs' desperate attempt to stave off dismissal, impermissibly wanders far outside the four corners of the FAC[2] in an effort to construct "evidence" concerning their "apparent authority" argument. It does not work. The extraneous material that now lards the record does nothing to suggest the existence of a plausible claim; in fact, it just confirms that dismissal is required. Still conspicuously absent from both the FAC and the Opposition is any plausible allegation that the Eden Project Defendants did anything that would give rise to an appearance of apparent authority on the part of the EdenLab Defendants. It is entirely irrelevant that Plaintiffs claim to have had extensive communications with the EdenLab Defendants (which apparently have defaulted), or that newspaper articles were published, because none of those actions are or can be linked in any respect to the Eden Project Defendants. Indeed, not a single material act is ascribed to the Eden Project Defendants. The sum of it all for Plaintiffs is that they supposedly thought that EdenLab Ltd. was the Eden Project Defendants' agent, but if they really thought this (they didn't), they came to that conclusion based on whimsy, not anything the Eden Project Defendants did. Plaintiffs simply cannot plead the elements of breach of fiduciary duty, breach of contract, accounting and tortious interference because they had no contact at all, directly or indirectly, with the Eden Project Defendants.

Absent a plausible pleading of apparent authority, Plaintiffs' claims disintegrate. The Court has no personal jurisdiction over Eden Project Limited, a foreign corporation with no

---

[1] In response to the Eden Project Defendants Motion to Dismiss the FAC (ECF Dkt. Nos. 26-28) (the "Motion to Dismiss"), Plaintiffs filed their Opposition on April 27, 2018, consisting of a Memorandum of Law (the "Opp. Br"), and Declaration of James Fitzgerald (the "Fitzgerald Dec."), with supporting Exhibits (ECF Dkt. Nos. 29-30) (together, the "Opposition").

[2] Terms not identified herein will have the definitions previously ascribed to them in the Motion to Dismiss.

offices, bank accounts, property, employees or agents in New York. The Eden Project Defendants and Plaintiffs are strangers to each other. The FAC should be dismissed.

## Argument

**A.   Plaintiffs' Extrinsic Evidence Should Not Be Considered Because It Is Irrelevant, Is Not Integral To The Complaint And Is Of Dubious Authenticity**

The Fitzgerald Dec., as well as the bulk of the exhibits annexed to it, are an impermissible attempt to "shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss." *See Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*, 265 F.R.D. 106, 122-123 (S.D.N.Y. 2010). At a minimum, for a document to be considered, there must be no dispute as to its authenticity or relevance and it must be integral to the complaint. *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). As further discussed in detail in Section B, none of the exhibits offered by Plaintiffs meet this test. Each addresses a tangential and meaningless point – the actions of the EdenLab Defendants – when they should be addressing, but cannot, the actions of the Eden Project Defendants.

The exhibits are not integral to the FAC,[3] as the FAC does not rely on their terms and effects. *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54 (S.D.N.Y. 2010) (failure to mention extrinsic documents in a complaint is a basis for excluding them from consideration on a motion to dismiss); *Madu,* 265 F.R.D at 123 (complaint alleging that liability was acknowledged "verbally and in writing" did not permit consideration of emails presented by

---

[3] Extrinsic documents may also be considered if they are incorporated by reference into a complaint. This requires "clear, definite and substantial reference to those documents," where "limited quotation" will not suffice. *DeLuca v. AccessIT Group, Inc.,* 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010). Plaintiffs only quoted the "Milestone" document (Fitzgerald Dec. Ex. 3), Peter Hampel's LinkedIn page (Fitzgerald Dec. Ex. 1) and the *Bhutan Times* article (Fitzgerald Dec. Ex. 10) in the FAC. They did not quote from the remainder of the exhibits that they now proffer, and those documents are clearly not incorporated by reference into the FAC. *Thomas v. Westchester Cty. Health Care Corp.*, 232 F. Supp. 2d 273, 276 (S.D.N.Y. 2002) (brief reference in one paragraph of a complaint is not enough to be considered incorporated by reference into the complaint).

plaintiff in opposition to the motion to dismiss, particularly where the defendant did not know about the emails in filing the motion to dismiss). So it is here. The exhibits should be disregarded.

Should the Court consider the exhibits in the Fitzgerald Dec., they are easily disposed of. Plaintiffs now point to a document that purports to show a wire transfer from Mr. Fitzgerald that contains the notation "Eden Project," which Mr. Fitzgerald claims was "addressed" to the Eden Project Defendants. Fitzgerald Dec. at ¶ 11; Ex. 7. First, the authenticity of Exhibit 7 is doubtful. Mr. Fitzgerald does not claim that the wire was either sent to or even received by Eden Project Limited. The additional exhibits presented by Plaintiffs do not support that the wire was received by the Eden Project Defendants.[4] The purported proof of the wire appears to be copied and pasted by Mr. Fitzgerald, and the cover email does not identify how this data was retrieved or stored. Further, the document is not even produced in its entirety, with portions clearly cut off. Indeed, the notation "Step 4 of 4" shows that Steps 1-3 have not been produced. While Exhibit 7 should be disregarded by this Court, if it were to be taken under consideration, the Eden Project Defendants have confirmed that they never received these, or any funds, from Plaintiffs. Bingham Dec. at ¶ 3.

---

[4] Plaintiffs produce an email dated December 26, 2014, where Peter Hampel asks Mr. Fitgerald to "confirm by return that payment has been made." Fitzgerald Dec. Ex. 8. The date of the wire transfer identified in Exhibit 7 is obscured but presumably took place on December 24, 2014, just two days prior to inquiry from Mr. Hampel. Plaintiffs do not produce the reply that Mr. Fitzgerald sent to Mr. Hampel's inquiry, probably because they know the wire was made to EdenLab Ltd., not to Eden Project Limited.

**B.     Plaintiffs Fail To Identify A Single Act By The Eden Project Defendants That Would Support Apparent Authority**

Plaintiffs do not dispute that apparent authority must be founded on the conduct of the purported principal.[5] That has not and cannot be pled here. The Opposition continues to to emphasize conduct that is not attributable to the Eden Project Defendants. By their own admission, all communications that Plaintiffs had regarding the Bhutan Festival were with the EdenLab Defendants, not the Eden Project Defendants. *See* Fitzgerald Dec. at ¶ 4 (stating that "plaintiffs (through me) had extensive contacts and communications into New York via co-defendants Eden Lab and Edenlab Ltd. (collectively 'EdenLab') and its employees, John Hendicott and Virginia ('Ginny') Galloway"); Exs. 2, 4, 5, 6, 8 and 9 (consisting of emails with employees of EdenLab Ltd).[6] The articles offered by Plaintiffs – which are hearsay – are also of no help to Plaintiffs, as they attribute no statements to the Eden Project Defendants. *See* Fitzgerald Dec. Exs. 10-12. In fact, the Fitzgerald Dec.'s Exs. 10 and 12 (part 1) quote EdenLab Ltd. employees Mr. Hendicott and Ms. Galloway respectively, indicating that the EdenLab Defendants were the sources of the statements therein.[7]

---

[5] Plaintiffs concede this requirement in quoting provisions of the Restatement (Third) of Agency (mistakenly cited as the Restatement (Second) of Agency). Plaintiffs acknowledge that they are missing an element where they state that "*[t]he principal's manifestation* as to the agent's authority empowers the agent to affect the principal's legal relations." Opp. Br. at 3 (emphasis added). There is no such "manifestation" alleged in the FAC.

[6] While Plaintiffs produce the "Milestone" document (Fitzgerald Dec. Ex. 3), they conveniently fail to attach the cover email that transmitted it, which would show that the document originated with the EdenLab Defendants and did not copy the Eden Project Defendants.

[7] Fitzgerald Dec. Exs. 11 (parts 1 and 2) and 12 (part 2) are also irrelevant. Exhibit 11 (parts 1 and 2) addresses a Christmas event in England having nothing to do with Plaintiffs which is entirely unrelated to the Bhutan Festival. It has no bearing on whether the Eden Project Defendants had any involvement with the Plaintiffs' venture. Exhibit 12 (part 2) makes no mention of either the EdenLab Defendants or the Eden Project Defendants, other than a photography credit to Mr. Hendicott, an EdenLab Ltd. employee.

The new assertions in the Opposition relate to Mr. Fitzgerald's purported subjective belief regarding the involvement of the Eden Project Defendants, and those contentions are simply insufficient to plead apparent authority. Plaintiffs completely ignore the Eden Project Defendants' authority on this point that it is unreasonable to rely on a contract that was not signed by the Eden Project Defendants, did not copy them and offered them no remuneration. *See* Moving Br. at 8, 10 (citing *Std. Funding, Corp. v. Lewitt*, 89 N.Y.2d 546, 551, 678 N.E.2d 874, 877, 656 N.Y.S.2d 188, 191 (1997)). Plaintiffs also ignore that Mr. Fitzgerald had a duty to investigate the Eden Project Defendants' involvement if indeed he thought he was dealing with them, and the FAC pleads no facts indicating that Mr. Fitzgerald made any attempt to do so. *See* Moving Br. at 10-11 *citing Ford v. Unity Hosp.*, 32 N.Y.2d 464, 473, 299 N.E.2d 659, 664, 346 N.Y.S.2d 238, 244 (1973).

In fact, the very emails on which Plaintiffs now so heavily rely tell Plaintiffs with whom they were dealing: EdenLab Ltd. Plaintiffs' emails with EdenLab Ltd. contain a prominent footer that states:

> This email is sent on behalf of EdenLab LTD. EdenLab LTD is a registered company in England, company registration number 08166896, registered office address EdenLab Ltd, 74 Macrae Rd, Ham Green, Bristol, BS20 0DD, UK.

*See, e.g.* Fitzgerald Dec. Ex. 8. If Plaintiffs are correct that they had "over one thousand" emails relating to the Bhutan Festival (Fitzgerald Dec. at ¶ 16), then they were constantly reminded that they were dealing with EdenLab Ltd., not the Eden Project Defendants. Moreover, a single online check of EdenLab Ltd.'s company information with UK Companies House would have confirmed there was no corporate connection between EdenLab Ltd. and Eden Project Limited.

Plaintiffs continue to make the point that because Eden Project Limited's name is similar to EdenLab Ltd., somehow that supports making the Eden Project Defendants liable for purported debts of the EdenLab Defendants. Opp. Br. at 4. Such a position is legally

5

insupportable on its face.  In any event, there are more than 3,000 entities that utilize the term "Eden" in their company name.  Moving Br. at 10.  The mere fact that Peter Hampel, an EdenLab Ltd. employee was associated with Eden Project Limited many years ago cannot change this analysis and does not give rise to an assumption that he was acting on behalf of the Eden Project Defendants.  The fact is that Mr. Hampel left Eden Project Limited in May 2012 and had no position with it since then.  *See Learner v. Am. Fed'n. of Musicians of the U.S. and Can.*, 304 A.D.2d 370, 370, 756 N.Y.S.2d 848, 848 (1st Dep't 2003) (former president of a company whose term was expiring did not have authority to execute certain contracts on behalf of the company); *S&K Distrib., LLC v. Harrison Roofing & Tin Co., Inc.*, 971 N.Y.S.2d 74, 74 (Sup. Ct. Nassau Cty. 2013) (no apparent authority for an order placed by a former employee on the company's behalf, particularly where the plaintiff made no inquiry as to the former employee's authority).  Further, the Plaintiffs are once again hindered by their own submissions, because the LinkedIn page submitted as Exhibit 1, which was "readily accessible online" (Fitzgerald Dec. at ¶ 7) shows that Mr. Hampel's association with Eden Project Limited ceased three months prior to commencing a position with EdenLab Ltd.  Because the FAC does not and cannot allege conduct by the Eden Project Defendants showing that an agent was authorized to enter into a transaction on their behalf, the FAC must be dismissed.

C. **Because There Is No Apparent Authority, The Court Lacks Jurisdiction Over The Eden Project Defendants And Plaintiffs Cannot Plead Necessary Elements For the Relief Sought**

Because Plaintiffs have not adequately pleaded apparent authority, they cannot attribute the actions of the Eden Lab Defendants to the Eden Project Defendants.  Accordingly, the Court lacks personal jurisdiction over the Eden Project Defendants.  (Moving Br. at 15).  The Opposition's contention that there are "extensive [communications], numbering in the thousands" (Opp. Br. at 5) does nothing to change this because Plaintiffs admit that those

6

communications were with employees of the EdenLab Defendants, namely Ms. Galloway, Mr. Hendicott and Mr. Hampel (Fitzgerald Dec. at ¶ 16), and not with the Eden Project Defendants. Similarly, Plaintiffs admit that the elements of their underlying claims depend on the "demarcation between Eden Lab and Eden Project," and therefore rest on a finding of apparent authority.  *See* Opp. Br. at 5.  The authorities relied on by Plaintiffs in support of their argument that personal jurisdiction exists rest on the point that jurisdiction has to be supported by in-state conduct alleged with respect to the Eden Project Defendants.  Hence, Plaintiffs' authorities are inapposite.  The FAC should be dismissed.

## Conclusion

For all the foregoing reasons, the Eden Project Defendants request that their Motion to Dismiss the FAC be granted in its entirety and that the Court grant such other and further relief as it deems just and proper.

New York, New York
May 4, 2018

> Respectfully submitted,
>
> SEWARD & KISSEL LLP
>
> By: _____/ s / Mark J. Hyland
>      Mark J. Hyland
>      Tamara Rozina
>
> One Battery Park Plaza
> New York, New York 10004
> (212) 574-1200
>
> *Attorneys for Defendants Eden Project and Eden Project Limited*

SK 29739 0001 7881355